# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEE A. VINCENT,

    *Petitioner*,

vs.

DIRECTOR OF NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    *Respondents*.

3:10-cv-00181-ECR-RAM

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#5) for appointment of counsel. The filing fee has been paid.

    Following review of the counsel motion, petition and accompanying papers, the Court finds that the interests of justice warrant the appointment of counsel, in light of: (a) the lengthy sentence structure of two consecutive life sentences with noninstitutional parole eligibility after an aggregate minimum forty years; (b) the potential that time remains in both state and federal limitation periods, and the apparent absence of any pursuit of state post-conviction remedies following petitioner's direct appeal; (c) the number and complexity of the claims and potential defenses; and (d) this Court's unpublished decision regarding access to court and legal resource issues at the Ely State Prison in *John Tole Moxley v. Neven*, No. 2:07-cv-01123-RLH-GWF, #25.

    IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition.

    IT FURTHER IS ORDERED that the motion (#5) for appointment of counsel is GRANTED. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

1    IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and – for this case – shall have **fifteen (15)** days to undertake direct representation of petitioner or to indicate an inability to do so.  If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel.  A deadline for the filing of an amended petition will be set after counsel has entered an appearance.  The Court anticipates setting the deadline for **April 29, 2011,** based upon the current record.  **The Federal Public Defender potentially may wish to note the following: (a) the state limitation period, absent tolling or other circumstances, potentially may run through on or about March 2, 2011; (b) the federal limitation period, absent tolling or other circumstances, potentially may run through on or about May 4, 2011; (c) the grant of the motion for counsel does not in and of itself necessitate a conclusion that petitioner is entitled to tolling for any time period; (d) the Court has made no determination that claims have been asserted in the original *pro se* petition with sufficient specificity to permit relation back of claims, as the Court generally does not permit pleading by incorporation of state filings in a Section 2254 petition; and (e) petitioner has not named his direct physical custodian, the Warden at Ely State Prison, as respondent.**

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her.  Respondents' counsel shall enter a notice of appearance within – for this case – **ten (10)** days of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk of Court accordingly shall send a copy of this order (together with an attachment with a copy of the petition) to the *pro se* petitioner, the Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division.

DATED:   January 24, 2011

*Edward C. Reed*
_____
EDWARD C. REED
United States District Judge