# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEE ALVIN VINCENT,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*

    *Respondents*.

3:10-cv-00181-HDM-VPC

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#25) to reopen the case, motion (#27) for an extension of time to file a second amended petition, and motion (#32) for leave to file a second amended petition.

Respondents, in the main, do not oppose the pending motions subject to, *inter alia*, the proviso that they do not thereby waive any extant defenses by virtue of not opposing the interim procedural relief sought.[1] With that proviso, as well as with the proviso that the Court's action does not in and of itself toll any limitation period, the Court will grant the motions.

IT THEREFORE IS ORDERED that petitioner's motion (#25) to reopen the case is GRANTED, that the stay is LIFTED, and that this matter hereby is REOPENED.

IT FURTHER IS ORDERED that petitioner's motion (#27) for an extension of time to file a second amended petition is GRANTED *nunc pro tunc*, subject to the provisos herein.

---

[1] Respondents opposed the motion for an extension, but, subject to the provisos made, respondents did not oppose the motion for leave to amend. To the extent, if any, that respondents continue to oppose the motion for an extension, the Court is not persuaded that it should deny the motion, subject to the provisos noted herein.

IT FURTHER IS ORDERED that petitioner's motion (#32) for leave to file a second amended petition is GRANTED, also subject to the provisos herein, and the Clerk of Court shall file the second amended petition.

IT FURTHER IS ORDERED that, within **sixty (60) days** of entry of this order, respondents shall file a response to the second amended petition. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4**.

IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss.  In other words, the Court does not wish to address any procedural defenses raised herein following the reopening of the matter either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the response within which to file an opposition or reply as applicable.[2]

---

[2] The filing of a motion to substitute respondent may be warranted.  The Ely State Prison warden has changed, and petitioner in any event perhaps may be housed now at a different facility.

**The hard copy of any additional exhibits submitted shall be forwarded – for this case – to the Clerk's Office in Reno.  However, any hard copies that already have been sent instead to Las Vegas need not be resent.**

DATED: August 6, 2014.

_____
HOWARD D. MCKIBBEN
United States District Judge